BASKIN, Judge
(dissenting).
I respectfully dissent. The majority’s result can be accepted only by ignoring the clear pronouncements of the Supreme Court of Florida in Taddiken v. Florida Patient’s Compensation Fund, 478 So.2d 1058 (Fla.1985). In Taddiken, the court stressed that early joinder of the Fund is necessary to ensure actuarial soundness, an essential condition if the Fund is to fulfill its dual purposes of protecting health care providers and compensating malpractice victims. According to the supreme court, “[i]t would be illogical to permit late joinder of the defendant with the greatest stake in the outcome of the litigation after the outcome may have been largely determined.” Taddiken, 478 So.2d at 1061. In the case before us, the Fund was never joined in the underlying action. Where, as here, nothing precluded either Dr. Fleisher or Palmetto General Hospital from joining the Fund in the initial action, dismissal of the complaint seeking contribution was appropriate. To hold otherwise would constitute a denial of the Fund’s due process rights.
I also disagree with the majority’s analysis under the Uniform Contribution Among Tortfeasors Act [Contribution Act], § 768.-31, Fla.Stat. (1983). The separate action authorized by section 768.31(4)(c), Florida Statutes (1983), does not alter Taddiken’s mandate; it merely establishes the time and method for seeking relief under the Contribution Act. The majority’s application of the Contribution Act to the case before us sanctions recovery from the Fund when the Fund had no opportunity to defend itself in the underlying action.
Furthermore, the majority erroneously states that Taddiken held “that the Fund is like any other tortfeasor_” At 438. On the contrary, the supreme court observed that the Fund is unlike any other entity. Taddiken, 478 So.2d at 1061. Moreover, the Fund is not a tortfeasor. It is a unique statutory creation, designed to function in a capacity similar to that of an insurer: to pay, on behalf of its members, claims arising from the rendering of medical care. § 768.54, Fla.Stat. (Supp.1982). A tortfeasor, on the other hand, is defined as “[a] wrong-doer; one who commits or is guilty of a tort.” Black’s Law Dictionary 1335 (5th ed. 1979). That definition does not describe the Fund. The majority’s characterization of the Fund as a tort-feasor loses sight of the policy underlying Taddiken’s early joinder requirement.
For these reasons, and for the reasons stated in the original majority opinion, I would affirm the trial court’s dismissal of Dr. Fleisher’s complaint and would certify the following question to be of great public importance:
Whether a health care provider who has been found jointly and severally liable with another health care provider, and who has paid more than his pro rata share of the judgment because the other health care provider limited its liability pursuant to section 768.54, Florida Statutes (Supp.1982), may institute a separate proceeding for contribution against the Fund instead of joining the Fund as a defendant in the underlying medical malpractice action?
PER CURIAM.
We hereby certify to the Supreme Court of Florida, as provided for in Article V, Section 3(b)(4) of the Constitution of Florida, as a means of bringing this cause within the jurisdiction of the Supreme Court of Florida, that the decision of this court in this cause passes upon a question of great public importance, that is:
“Whether a health care provider who has been found jointly and severally liable with another health care provider, and who has paid more than his pro rata share of the judgment because the other health care provider limited its liability pursuant to section 768.54, Florida Statutes (Supp.1982), may institute a separate proceeding for contribution against *440 the Fund instead of joining the Fund as a defendant in the underlying medical malpractice action?”
HENDRY and BASKIN, JJ., concur.